UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THE WEITZ COMPANY, LLC,
    Plaintiff,

vs.

ACUITY, et al.,
    Defendants.

Case No. 1:12-cv-855
Beckwith, J.
Litkovitz, M.J.

ORDER

This matter is before the Court on defendant The Cincinnati Insurance Company's ("CIC") motion to compel discovery from The Weitz Company ("Weitz") (Doc. 123), Weitz's memorandum in opposition (Doc. 124), and CIC's reply memorandum (Doc. 126).

Weitz is the general contractor on a construction project for Twin Lakes, a retirement community in Cincinnati, Ohio. The defendants are the insurers of the subcontractors on the Twin Lakes' project. Some years after the project was completed, Twin Lakes notified Weitz of water infiltration problems arising from defects in the construction of patio homes. Weitz notified its subcontractors of the problems and demanded that the subcontractors and their general liability insurers defend, indemnify, and hold Weitz harmless from Twin Lakes' claims. Weitz alleges it was an additional insured to the subcontractors' liability insurance policies and that the insurers failed to defend Weitz in contravention of those policies. Following arbitration, Twin Lakes was awarded over $2 million in damages against Weitz. The arbitration panel also determined that Weitz was entitled to recover these damages from the subcontractors. (Doc. 124, Ex. E). In addition, Weitz was awarded its attorneys' fees and expenses against the subcontractors. (*Id.*).

Weitz brings this federal court action for declaratory relief and damages for breach of contract based on defendants' refusal to assume and pay for the defense of Weitz under the insurance policies issued by defendants. CIC insured two subcontractors on the project, Sibco Building Products ("Sibco") and Ozark Structures, Inc. ("Ozark"). At issue in the instant motion are

Weitz's responses to certain discovery requests by CIC. CIC seeks an order compelling responses to the following discovery requests:

> 2. An amended Response to Interrogatory Number 4 in "Plaintiff, the Weitz Company, LLC's Responses and Objections to Defendant Cincinnati Insurance Company's Requests for Admission, Interrogatories and Request for Production of Documents Subject to the Renewed Case Management Order, Document # 109" (Exhibit B) wherein Weitz stated that, "The response to this interrogatory is under investigation as the total amount was apparently not in evidence at the Arbitration, and therefore must be computed." CIC still has not received the total amount as promised in the July 29, 2015, Response;
>
> 3. A satisfactory response to questions regarding the amount that Ozark was asked to reduce its fees in order to enter into a "Full and Final Release" from any past, present and future liability for the Project, as set forth in Request for Admission numbers 8 and 9 of the July 29, 2015, Discovery set (Exhibit B). Weitz responded to these discovery requests with incomplete responses via Certificates of Service[] dated March 6, 2014, and July 29, 2015, respectively (thus CIC submits that since they were incomplete, therefore Rule 37(a)(4) permits the filing of the present Motion to Compel).

(Doc. 123, 126 at 3).[1]

Fed. R. Civ. P. 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" if a party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3)(B). Both the Federal Rules of Civil Procedure and the Local Rules of this Court require counsel to meet and confer to resolve differences as to discovery disputes. *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2010 WL 1445171, at *2 (S.D. Ohio April 12, 2010). Pursuant to Fed. R. Civ. P. 37, the moving party must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R.

---

[1] These are the only two discovery items at issue. CIC states that since drafting its motion to compel, it has received satisfactory responses to two of the original requests for discovery that were part of the motion to compel. (Doc. 126 at 3).

2

Civ. P. 37(a)(1). Local Rule 37.1 requires that motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. . . ." S.D. Ohio Civ. R. 37.1. *See also Tdata Inc. v. Aircraft Technical Publishers*, No. 2:03-cv-264, 2008 WL 2169353, at *3 (S.D. Ohio May 21, 2008) ("Local Rule 37.1 thus contemplates one mandated step: that the parties exhaust among themselves all extrajudicial means for resolving any discovery dispute before filing any Rule 26 or 37 motion.").

Weitz objects to CIC's motion to compel as premature, arguing that CIC failed to confer with Weitz in an attempt to resolve the discovery dispute before filing its motion to compel. Weitz alleges that the emails exchanged by counsel do not satisfy the "meet and confer" requirement as generally demanded by courts. Weitz further alleges that CIC failed to comply with the undersigned's standing order to "first discuss and attempt to resolve the problem by agreement" or to schedule an informal telephone discovery conference with the Court. (Standing Order on Civil Procedures, Rule I(D)(2)).

The Court declines to deny the motion to compel as premature. The undersigned's Standing Order "encourages" but does not require counsel to resolve discovery disputes by use of an informal discovery conference. (*Id.*). Although it is preferable and often helpful for counsel to speak to each other about the discovery issues (either in person or by telephone) prior to seeking Court intervention, CIC's emails meet the minimum threshold for showing it conferred in good faith with defendants regarding the discovery disputes through email exchanges. (Doc. 123, Ex. F). Therefore, the Court will address the merits of the motion to compel.

3

**INTERROGATORY 4**

CIC seeks an amended Response to Interrogatory 4, which states:

If your answer to the previous Request for Admission No. 7 is admitted, please state the total amount of money Weitz was paid by Twin Lakes to serve as Construction Manager (to use the Arbitration Panel's term in paragraph 3 of the Final Award) on the Project.

**ANSWER:** The response to this interrogatory is under investigation as the total amount was apparently not in evidence at the Arbitration, and therefore must be computed.

(Doc. 123-1 at 10, PAGEID #: 905).

In response to the motion to compel, Weitz alleges that the amount paid by Twin Lakes to Weitz is not relevant to CIC's obligation to defend and indemnify Weitz from Twin Lakes' allegations. Weitz states that it nevertheless provided CIC with a spreadsheet on October 15, 2015 showing Weitz's billings to project owner Twin Lakes totaling $68,805,083.79. (Doc. 124 at 5, Exs. B and C).

In its reply memorandum, CIC alleges it still has not received a "satisfactory" response to Interrogatory 4. However, CIC does not dispute it received the spreadsheet showing Weitz's billings to Twin Lakes or explain why the information in the spreadsheet is insufficient or non-responsive to its discovery requests. In the absence of any additional information from CIC, the Court finds Weitz's response is sufficient and denies the motion to compel a further response to Interrogatory 4.

**REQUESTS FOR ADMISSION 8 AND 9**

CIC also seeks satisfactory responses to Requests for Admission 8 and 9. Request For Admission 8 states:

4

> Please admit that attached hereto as Exhibit E is a true and accurate copy of a December 14, 2004, Invoice sent by Ozark to Weitz showing the total balance due for services rendered on the Project by Ozark in the amount of One Hundred Forty-Four Thousand Five Hundred Eighty-Three Dollars and Seventy Cents ($144,583.70), and which also shows a "Discount for Settlement" in the amount of Twenty-Four Thousand Five Hundred Eighty-Three Dollars and Seventy Cents ($24,583.70) which Weitz enforced upon Ozark for signing a "Subcontract Settlement Agreement" agreed to by Weitz and Ozark on January 24, 2005 and which was the subject of a Request for Admission answered by Weitz on October 6, 2014.
>
> **ANSWER:** Admit that Exhibit E is a true and correct copy of an invoice, but object to a compound nature of this request and deny the characterizations in the request. The Arbitration panel issued a decision dated December 8, 2014 finding that Ozark was not released from its indemnity obligations to Weitz.

(Doc. 123-1, Ex. B at 11, PAGEID #:906). Request For Admission 9 states:

> Please admit that Weitz did, in fact, pay Ozark the "Negotiated Settlement Balance" of One Hundred Twenty Thousand Dollars ($120,000.00) and no more for Ozark's work on the Project.
>
> **ANSWER:** Admit that Exhibit E reflects a balance of $120,000.00, and deny that sum as the entire sum paid for work on the project. Subject to that denial, Weitz is investigating what entire amount was paid to Ozark for work on the Project.

(Doc. 123-1, Ex. B at 11, PAGEID #:906).

Pursuant to Rule 36, "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). The propounding party bears the burden of setting forth simple and direct requests for admission that "can be answered with a simple admit or deny without an explanation," though qualifications or explanations for

5

the purpose of clarifying a response are permitted. *See Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003).

In response to the motion to compel, Weitz alleges that it has provided CIC with all project cost reports which identify the amounts paid by Weitz to Ozark for its work on the project. Weitz states that on October 15, 2015, it provided CIC all of Weitz's cost reports (Doc. 124, Ex. B) and, after counsel for CIC requested further clarification, Weitz provided additional information on cost reports for Ozark on October 27, 2015. (Doc. 124, Ex. C).[2] In reply, CIC alleges it has not received satisfactory responses to its request for "the total dollar figure that Weitz forced Ozark to reduce its fees in exchange for a 'full and final release' of future liability. . . ." (Doc. 126 at 4). CIC admits, however, that "[a]n additional set of 'comprehensive' Job Cost Reports were then provided with the October 27, 2015 email including job cost reports for work done by Sibco and Ozark." (Doc. 126 at 8, Ex. J).

To the extent CIC alleges Weitz's responses to Requests for Admission 8 and 9 are deficient, the Court disagrees. Given the compound nature of the requests, Weitz's qualified responses are sufficient. *Henry*, 212 F.R.D. at 77. In addition, it is undisputed that on October 27, 2015, Weitz provided CIC with a supplemental cost report for work done by Sibco and Ozark. CIC has not explained why these cost reports are non-responsive to its request or how they are deficient. In the absence of any additional information from CIC, the Court finds Weitz's responses to be sufficient and denies the motion to compel a further response to Requests for Admission 8 and 9.

Accordingly, CIC's motion to compel is DENIED.

---

[2] Weitz alleges the cost reports are voluminous and it has not attached the reports to its response in opposition to the motion to compel.

Weitz's request for an order requiring CIC to pay the costs of responding to the motion to compel is DENIED. Although the Court denies CIC's motion to compel, the Court notes that some of the information sought by CIC in its motion to compel was provided by Weitz subsequent to the filing of the motion. The Court also notes that CIC conferred with Weitz in good faith before it filed its motion to compel. Therefore, an award of expenses to Weitz under the circumstances would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(B).

**IT IS SO ORDERED**.

Date: 12/18/15

Karen L. Litkovitz
United States Magistrate Judge